BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
Dominic Gabriel Grissett

LAW OFFICES OF JOHN M. RUNFOLA
John M. Runfola (State Bar No. 096058)
Pier 9, Suite 100
San Francisco, CA 94111
Telephone: (415) 391-4243
Facsimile: (415) 391-5161
john@johnmrunfola.com

Attorney for Defendant
Richard Bush

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>VLADIMIR HANDL, et al.<br><br>          Defendants. | Case No. CR 15-0126 WHA<br><br>**DEFENDANTS GRISSETT AND BUSH MOTION TO SEVER BASED ON MISJOINDER UNDER FED. R. CRIM. P. 8** |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND WILSON LEUNG AND DAMALI TAYLOR, ASSISTANT UNITED STATES ATTORNEYS, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that on August 19, 2015, at 1:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William H. Alsup, United States District Judge, defendants Dominic Grissett and Richard Bush, by and through their counsel of record, will move this Honorable Court for an order severing Count 132 from the other counts pursuant to Federal Rule of Criminal Procedure 8, and ordering a separate trial of that count

## I.   INTRODUCTION

Defendants Dominic Grissett and Richard Bush respectfully move to sever Count 132— the only count in which they are charged—for improper joinder pursuant to Federal Rule of Criminal Procedure 8(a). The government's broad indictment against the other defendants is based on what appears to be a complex money-laundering scheme that spanned a period of over four years. As pled, defendants Grissett and Bush are not a part of that complex scheme. Instead, they are allegedly involved in a single, separate, conspiracy to distribute a controlled substance that lasted for one year, although the evidence produced by the government shows, at best, only one incident involving Grissett and Bush on March 17, 2015, in South Carolina, at the very end of the alleged conspiracy. Thus, on the face of the indictment, Count 132 is not of the same or similar character, is not based on the same act or transaction, and is not connected with a common scheme or plan with respect to the other 131 counts, and is misjoined pursuant to Rule 8.

## II.   THE INDICTMENT

Grissett and Bush are only charged in a single count of the 132-count indictment in this case. Count 132 alleges, in boilerplate language, that "[f]rom at least in or between March 2014, up through and including the date of this Indictment, in the Northern District of California and elsewhere," the defendant Grissett and six other defendants engaged in a conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). The government charges seven defendants in Count 132 and four of those defendants are not charged with any other substantive crime in the Superseding Indictment (Paul Fink, John McGaha, Dominic Grissett, and Richard Bush).

The other three defendants, Vladimir Handl, Michael Rose, and David Gaither are charged in the RICO conspiracy and other money laundering counts. The other 131 counts do not concern the 2014 drug conspiracy as alleged in Count 132. Although the RICO conspiracy has a predicate act of dealing with a controlled substance, it began in 2011 and does not involve Grissett, Bush, McGaha, or Fink. Sup. Ind. ¶¶ 6(b), 12(a). The allegations with respect to the money laundering scheme are also dissimilar from Count 132. *Id*. at ¶¶ 13-14 (Count 3), 17 (Counts 17-121). It began in 2011, not 2014, and did not involve Grissett, Bush, McGaha, or Fink. *Id*.

### III. COUNT 132 IS MISJOINED

Count 132, alleging a brief conspiracy for the sale of a controlled substance beginning in 2014, is misjoined because it is not of the same or similar character as the other counts, is not based on the same act or transaction, and is not connected with a common scheme or plan with the other 131 counts. Each of those counts concern an alleged complex money laundering scheme and RICO conspiracy that occurred over a different time period and involved largely different defendants.

"Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).[1] Rule 8 permits joinder of offenses when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme." "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and 'those conditions, although phrased in general terms, are not infinitely elastic.'" *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (*citing United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)).

Joining Count 132 with the other 131 counts is inconsistent with these standards. A majority of the defendants in Count 132 do not appear in any of the other 131 counts, and Grissett is not charged with any other offense. The narrow time frame of Count 132, particularly when compared to the other 131 counts, also distinguishes it from the money laundering and RICO allegations. Moreover, Count 132 is substantively distinct from the gist of the allegations in the Superseding

---

[1] Defendants Grissett and Bush reserve the right to file a motion to sever on October 20, 2015 pursuant to Rule 14 based on facts outside the indictment as learned through discovery

Indictment. The gist of the allegations in the Superseding Indictment amounts to a complex money laundering scheme and RICO conspiracy. Count 132 is merely tacked on at the end because it has three overlapping defendants and a ten year mandatory minimum sentence. The Superseding Indictment is void of any allegations that the commission of the money laundering or RICO conspiracy "necessarily led to the commission" of the narrow drug conspiracy alleged in Count 132. *Jawara*, 474 F.3d at 574. Given the dissimilarities in time, substantive acts, and participants between Count 132 and the other 131 counts, Count 132 was not properly joined. *Id*. at 578 (courts "consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a)"). The small overlap in defendants is not enough to meet Rule 8 and the count should be severed. *See, e.g. United States v.Velasquez*, 772 F.2d 1348, 1353 (9th Cir. 1985) ("mere fact that two conspiracies have overlapping memberships will not authorize single indictment if the conspiracies cannot be tied together into one conspiracy, or one common plan or scheme").

## IV.   CONCLUSION

For the foregoing reasons, defendants Grissett and Bush respectfully request the Court sever Count 132 because it was improperly joined with the other 131 counts.

Dated: July 21, 2015

BOERSCH SHAPIRO LLP

 /s/Martha Boersch
Martha Boersch

Attorney for DOMINIC GABRIEL GRISSETT

Dated: July 21, 2015

LAW OFFICES OF JOHN M. RUNFOLA

 /s/John M. Runfola
John M. Runfola
Attorney for RICHARD BUSH