IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VLADIMIR HANDL AND OTHERS,

    Defendants.

No. CR 15-00126 WHA

**ORDER RE MOTIONS TO SEVER AND MOTION FOR A BILL OF PARTICULARS**

## INTRODUCTION

In this eleven-defendant RICO prosecution, two pairs of defendants move separately to sever their trials from the other defendants. One defendant also moves for a bill of particulars. To the extent stated herein, those motions are **GRANTED**.

## STATEMENT

The first superceding indictment charges 132 counts against ten individual defendants and one corporate defendant. Count One charges defendants Vladimir Handl, Michael Rose, Peter Scalise, PML Clubs, Inc. (which operated a string of strip clubs, night clubs, and restaurants), and David Gaither with engaging in a racketeering conspiracy beginning in 2011, consisting of money laundering, bank fraud, and drug offenses. Count Two charges Handl, Rose, Scalise, and PML with racketeering, consisting of 118 instances of money laundering. Count Three charges Handl, Rose, Scalise, PML, and Gaither with conspiracy to commit money laundering. Counts Four through Sixteen charge Handl and Scalise with substantive money laundering, while Counts Seventeen through 121 charge Handl, Rose, Scalise, and PML with further money laundering offenses. Counts 122 through 131 charge two separate defendants, Richard Leyland and Edward Hetherton, with conspiracy to commit money laundering along with several substantive counts of money laundering and theft of government property. Lastly, Count 132 charges Handl, Rose, Gaither, along with Paul Fink, John McGaha, Dominic Grissett

and Richard Bush, with conspiracy to possess with intent to distribute more than five kilograms of cocaine.

Essentially, there are three different groups of charged crimes. *First*, Counts One through 121 charge defendants Handl, Rose, Scalise, PML, and Gaither with racketeering, conspiracy, and offenses related to money laundering and bank fraud. *Second*, Counts 122 through 131 charge defendants Leyland and Hetherton with a separate conspiracy to commit money laundering, substantive counts of money laundering, and theft of government property. *Third*, Count 132 charges defendants Handl, Rose, Gaither, Fink, McGaha, Grissett, and Bush with conspiracy to possess with intent to distribute cocaine.

Now, defendants Leyland and Hetherton move to sever their trials from those of the other defendants. Defendants Grissett and Bush move separately to sever Count 132 from the remainder of the indictment. Lastly, defendant Grissett moves for a bill of particulars. This order follows full briefing and oral argument.

**ANALYSIS**

1. **LEYLAND AND HETHERTON'S MOTION TO SEVER.**

As stated above, Counts 122–131 of the superceding indictment charge defendants Leyland and Hetherton with a series of conspiracy, money laundering, and theft of government property charges. Leyland and Hetherton are the only defendants charged in Counts 122–131 and have not been charged with any of the other defendants in any of the other counts. The government does not oppose Leyland and Hetherton's motion, and proposes that Leyland and Hetherton be tried together, separately from the other defendants. Leyland and Hetherton's unopposed motion to sever is thus **GRANTED**.

2. **GRISSETT AND BUSH'S MOTION TO SEVER COUNT 132 OF THE INDICTMENT.**

"Two offenses may be joined in the indictment under Rule 8(a) only if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or

2

plan." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) (internal citations omitted). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment. . . . [T]he established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 572–73 (9th Cir. 2006) (internal citations omitted).

Defendants Grissett and Bush move to sever Count 132 (the only count in which they are charged) from the remaining 131 counts of the indictment. The government opposes and defendant Rose submitted a separate opposition. As stated above, Count 132 charges defendants Handl, Rose, Gaither, Fink, McGaha, Grissett, and Bush with conspiracy to possess with intent to distribute five or more kilograms of cocaine from March 2014 through the date of the indictment.

According to the government's unsworn opposition, the story is as follows: The first 121 counts charge Handl and Rose (and others) with, among other things, laundering drug money through a collection of strip clubs, night clubs, and restaurants for an undercover agent (who defendants believed was a drug lord). During this time period, Handl repeatedly asked the undercover agent to supply him with drugs, and the undercover agent agreed to do so in March of 2014. Handl then introduced the undercover agent to defendant Fink, who provided his real property as collateral for a loan, so that the group could purchase the drugs from the undercover agent. Handl then told the undercover agent that the drugs should be delivered to defendants Grissett and Bush. Handl provided scans of Grissett and Bush's South Carolina IDs to the undercover agent so he would know who to deliver the drugs to. In March 2015, the undercover agent met with Handl, Grissett, and Bush to discuss the impending drug transaction. Handl then agreed to buy fifteen kilograms of cocaine and made an initial cash payment of $31,000. The undercover agent then met with defendants Rose and Gaither (two of Handl's other partners). Gaither informed the undercover agent that he knew of a police officer, defendant McGaha, who could provide protection for the drug shipment. McGaha agreed to do so for $5,000. Law

3

enforcement officers then arrested McGaha, who allegedly admitted to his involvement in the scheme.

None of these details, however, appears on the face of the operative indictment, which simply alleges in Count 132 that defendants Handl, Rose, Gaither, Fink, McGaha, Grissett, and Bush conspired to possess with intent to distribute five or more kilograms of cocaine from March 2014 to the date of the indictment. That is the extent of the allegations contained in the indictment. The details discussed above come solely from the government's unsworn opposition to the instant motion to sever.

Our court of appeals has held that under Rule 8(a), one of thee factors must be met for separate counts to be joined into a single indictment. "The offenses charged must be: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or constituting parts of a common scheme or plan." *Jawara*, 474 F.3d at 572. If none of these factors is met, the counts must be severed. Here, based on the bare bones allegations contained in the indictment, the government has failed to show that the narcotics conspiracy alleged in Count 132 is at all related to the money laundering and bank fraud offenses alleged in Counts One through 131.

In opposition, the government argues that the indictment need not provide factual details establishing that the offenses are related in order to justify joinder. The government is wrong. In support of this contention, the government cites our court of appeals' decisions in *United States v. Fernandez*, 388 F.3d 1199, 1220 (9th Cir. 2004), and *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995). Neither of these decisions, however, even addresses the issue of joinder or even mentions Rule 8. Rather, they merely reaffirm the general principle that a bare bones indictment that sets forth the statutory offenses and elements typically will survive a motion to dismiss.

The situation is different when a defendant alleges misjoinder under Rule 8(a). As stated above, our court of appeals has held that: "Because Rule 8 is concerned with the propriety of

4

joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment. . . . [T]he established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment." *Jawara*, 474 F.3d at 572–73 (internal citations omitted). In our case, the indictment plainly fails to demonstrate any basis for joinder.

At oral argument, the government asserted that the indictment lists a narcotics offense as a predicate offense of the alleged racketeering conspiracy, and thus joinder of Count 132 is proper. Specifically, the government pointed to paragraph six of the indictment, which states that the racketeering conspiracy included "offenses involving dealing in a controlled substance." This assertion, however, fails for the same reasons. The bare bones sentence that the government cited adds no additional factual basis that would justify the joinder of the counts. It merely states that the Handl enterprise engaged in dealing in controlled substances. This does not meet any of the three factors outlined by our court of appeals in *Jawara* (which the government neglected to discuss in its briefing). Moreover, no decision by our court of appeals has ever held that listing a predicate RICO offense in one count justifies joinder of a different count, without providing any factual basis for their relation on the face of the indictment. Therefore, Defendants Grissett and Bush's motion to sever Count 132 is **GRANTED**.

This severance, however, is without prejudice to the possibility that some of the racketeering and money laundering evidence will need to be presented by the government at the separate drug conspiracy trial. The government will need to show how the defendants' relationship with the undercover agent developed and thus some (but not all) of that evidence will be admissible.

3.  **GRISSETT'S MOTION FOR A BILL OF PARTICULARS.**

Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars." The decision whether to grant a request for a bill of particulars is within the trial court's discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Our court of

5

appeals has explained that a bill of particulars serves three functions: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).

A bill of particulars should be limited to these purposes: "[a] defendant is not entitled to know all the evidence the government intends to produndercover agente but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). Furthermore, the government may add clarity to the allegations via discovery, and "full discovery obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir. 1979).

Grissett is only charged in a single count, the narcotics conspiracy detailed above (Count 132). In his original motion, Grissett requested the following information from the government:

- The role of Grissett and each defendant in the conspiracy to distribute a controlled substance alleged in Count 132;

- The date that Grissett and each defendant allegedly joined the conspiracy alleged in Count 132;

- The specific acts that Grissett allegedly committed in furtherance of the conspiracy alleged in Count 132;

- The specific acts that other members of the conspiracy allegedly committed in furtherance of the conspiracy alleged in Count 132;

- The specific acts that Grissett committed in this district as part of the conspiracy alleged in Count 132;

- The specific acts that any coconspirator of the conspiracy alleged in Count 132 committed in this district.

In its opposition, the government provided most of this information. In his reply, however, Grissett reiterated his request that the government identify "the date that Mr. Grissett and each defendant charged in Count 132 entered the alleged conspiracy" (Reply at 2). The government shall provide the defense with a bill of particulars stating the earliest known date at which each individual defendant charged in Count 132 was participating in the conspiracy, without prejudice to the government later proving an even earlier date. To that extent, Grissett's motion for a bill of particulars is **GRANTED**.

## CONCLUSION

To the extent stated herein, defendants Leyland and Hetherton's motion to sever their trial from the other defendants is **GRANTED**. Defendants Grissett and Bush's motion to sever Count 132 from the indictment is **GRANTED**. To the extent stated above, defendant Grissett's motion for a bill of particulars is **GRANTED**. The government shall provide the earliest known dates that the defendants in Count 132 were part of the alleged narcotics conspiracy by **SEPTEMBER 8, 2015**, without prejudice to the government later proving an earlier date.

The RICO trial (Counts 1–121 charging defendants Handl, Rose, Scalise, PML, and Gaither) shall begin on **FEBRUARY 9, 2016.** The drug conspiracy trial (Count 132 charging defendants Handl, Rose, Gaither, Fink, McGaha, Grissett, and Bush) shall go forward on **MAY 9, 2016.** Defendants Leyland and Hetherton's trial (Counts 122–31) shall be set at a later date. All counsel for all defendants, however, must keep both the February 9 and May 9 trial dates available in case it becomes necessary to consider a revision to the above schedule.

**IT IS SO ORDERED.**

Dated: August 25, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7