NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

SOLOMON L. WISENBERG, ESQ.
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone: 202.689.2922
Attorney for Defendants (Pro Hac Vice)
Michael Rose
PML Clubs, Inc.

THOMAS H. BIENERT, JR., ESQ.
CA BAR No. 135311
Beinert, Miller and Katzman, PLC
903 Calle Amanecer
Suite 350
San Clemente, CA 92673
Telephone: 949.369.3700
Attorney for Defendants
Michael Rose
PML Clubs, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | No. 15-CR-0126-WHA |
| vs. | ) | **DEFENDANT MICHAEL ROSE'S** |
|  | ) | **MOTION TO PRODUCE THE NAME** |
| **MICHAEL ROSE, et al.,** | ) | **AND LOCATION OF CONFIDENTIAL** |
|  | ) | **INFORMANTS** |
| Defendants. | ) | Date:    October 6, 2015 |
|  | ) | Time:    2:00 p.m. |
|  | ) | Court:  Hon. William Alsup |

MOTION TO PRODUCE THE NAME AND LOCATION
OF CONFIDENTIAL INFORMANTS
No. 15-CR-0126-WHA

TO:   UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND WILSON LEUNG AND DAMALI TAYLOR, ASSISTANT UNITED STATES ATTORNEYS, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that on the date and time set out above, or as soon as thereafter as the matter may be heard, Defendant Michael Rose, by and through undersigned counsel, will bring the following motion for informant discovery in the courtroom of the Honorable William H. Alsup, United States District Judge.

Mr. Rose, through undersigned counsel, respectfully moves the Court, at the date and time set out above, for an Order compelling the Government to disclose the name and location of (or contact information for) any confidential informants involved directly or indirectly in the events described in the Superseding Indictment, including any confidential informants who introduced any of the defendants to Government agents. Alternatively, Mr. Rose requests that the Government should at the very least be ordered to produce any such confidential informants for a pre-trial interview outside the presence of Mr. Rose and with express instructions to defense counsel not to reveal the informant's identity or location to Mr. Rose at any time in the future.

This motion is not made for the purposes of delay. Mr. Rose makes this motion in good faith and in an attempt to obtain information that may be critical to his defense. *See United States v. Bonilla*, 615 F.2d 1262, 1264 (9th Cir. 1980).

In support of his motion, Mr. Rose represents:

1. This case is set for trial on February 9, 2016 before the Honorable William Alsup.

2. The Government provided discovery to Mr. Rose and has stated that its discovery is complete.

MOTION TO PRODUCE THE NAME AND LOCATION OF CONFIDENTIAL INFORMANTS
No. 15-CR-0126-WHA

3. The Government has represented that a confidential informant introduced the undercover agent in this case to one of the defendants other than Mr. Rose.

4. Mr. Rose anticipates presenting an entrapment defense as one of his defenses and also intends to file a Motion to Dismiss for Outrageous Governmental Conduct by September 8, 2015.[1] The Motion to Dismiss will focus on the Government's creation and detailed direction of the alleged crime from start to finish and its deliberate decision to involve Mr. Rose, a citizen with no prior criminal record. The interactions between the Confidential Informant, Government agents, and any of the defendants are obviously of great potential relevance to a fair determination of Mr. Rose's defense, because they are almost certain to reveal the Government's aggressive efforts to recruit citizens into its manufactured scheme.

5. The identity of any informant who might have introduced any of the defendants to any Government agents in this case is thus potentially relevant to an entrapment defense and the issue of whether outrageous governmental conduct occurred.

6. The Government is obligated to disclose the identification and location of any informant when it is relevant and helpful to the defense of an accused or essential to a fair determination of the accused's case. *Roviaro v. United States*, 353 U.S. 53, 62 (1957); *United States v. Rowland,* 464 F.3d 899, 909 (9th Cir. 2006)); (interpreting *Roviaro*), *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006) (finding that "non-disclosure" is an abuse of

---

[1] The Court orally extended the deadline for such a motion to September 8, 2015 at the August 24, 2015 status conference.

MOTION TO PRODUCE THE NAME AND LOCATION
OF CONFIDENTIAL INFORMANTS
No. 15-CR-0126-WHA

discretion when the informer's identify, or the contents of his communication, is relevant to the defense of an accused, or is essential to a fair determination of the accused's cause. (citing *Roviaro*, 353 U.S. at 62)). *See also United States v. Spires*, 3 F.3d 1234, 1239 (9th Cir. 1993) (court must hold *in camera* hearing once defendant shows disclosure of informant identity is necessary for defense.)

If the Court finds that disclosure of the identity of the confidential informant is not called for, Mr. Rose respectfully requests that the Government at the very least be ordered to produce the confidential informant for a pre-trial interview with undersigned counsel outside the presence of Mr. Rose and with express instructions to undersigned counsel not to reveal the informant's identity to Mr. Rose at any time in the future. *United States v. Hart*, 546 F.2d 798 (9th Cir. 1976), *cert. denied* 429 U.S. 1120 (1977) (holding that the Government must exert reasonable efforts to produce an informant when "his presence has been properly requested by the defendant"). This will protect whatever Government interest might exist in keeping the identity of the confidential informant secret while respecting Mr. Rose's ability to present a full and complete defense. *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (recognizing the Government's interest in maintaining the integrity of ongoing criminal investigations and ensuring the safety of the informant).

WHEREFORE, Mr. Rose respectfully requests this Court grant his motion to produce the identity of the confidential informant or permit a pre-trial interview with said confidential informant.

DATED: September 1, 2015.

MOTION TO PRODUCE THE NAME AND LOCATION
OF CONFIDENTIAL INFORMANTS
No. 15-CR-0126-WHA

Respectfully submitted,

_____/s/_____
SOLOMON L. WISENBERG, ESQ.
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone: 202.689.2922
Attorney for Defendants (Pro Hac Vice)
Michael Rose
PML Clubs, Inc.

MOTION TO PRODUCE THE NAME AND LOCATION
OF CONFIDENTIAL INFORMANTS
No. 15-CR-0126-WHA

**CERTIFICATE OF SERVICE**

I hereby certify on the 1st day of September, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to all counsel of record in this matter.

_____/s/_____
SOLOMON L. WISENBERG, ESQ.
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone: 202.689.2922
Attorney for Defendants (Pro Hac Vice)
Michael Rose
PML Clubs, Inc.

MOTION TO PRODUCE THE NAME AND LOCATION
OF CONFIDENTIAL INFORMANTS
No. 15-CR-0126-WHA