IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

VLADIMIR HANDL AND OTHERS,

    Defendants.

 /

No. CR 15-00126 WHA

**AMENDED CASE MANAGEMENT ORDER RE FUTURE RULE 11(c)(1)(C) PLEAS**

       In the Court's experience in this and other RICO prosecutions, one or more Rule 11(c)(1)(C) plea agreements may be presented on the eve of trial. That is, rather than plead open without conditions (which a defendant is always entitled to do), a defendant may seek to plead guilty, reserving the right to withdraw the plea and go to trial if a harsher sentence is imposed than the specified sentence. Where there is only one defendant (or *all* defendants plead), it is usually feasible to postpone the trial, obtain a presentence report, and then decide on whether the specific sentence in the plea agreement satisfies the Section 3553(a) sentencing factors.

       But where the RICO conspiracy trial is set to go forward for a group of accuseds, a major trial problem arises when fewer than all tender Rule 11(c)(1)(C) proposals on the eve of trial. It is impractical and prejudicial to postpone the trial until a presentence report is prepared and a sentence reached for the Rule 11(c)(1)(C) defendant.

       Since the first conspiracy trial will need to go forward on schedule, a late plea agreement by fewer than all defendants set for that trial places the undersigned judge in the position of either

rubber-stamping the proposed plea — on the one hand — or rejecting it and having to hold an additional trial for the Rule 11(c)(1)(C) defendant, on the other. Put differently, if, after preparation of a presentence report and a sentencing hearing, the plea agreement is rejected, that accused would be entitled to a separate RICO trial, the main RICO conspiracy trial having been completed in the meantime. Having two such RICO conspiracy trials when one would have sufficed is most wasteful.

When a Rule 11(c)(1)(C) plea agreement is presented far enough in advance of trial that the report and sentencing can be carried out prior to trial, no problem is presented. If the plea agreement is rejected, counsel and the defendant will be able to participate in the RICO conspiracy trial as scheduled. In our district, about 75 days are normally required for finalization of a presentence report.

"To allow for efficient scheduling of criminal cases," Rule 11(e)(5) — as enacted in 1974 — expressly recognized that judges could set deadlines for the presentation of plea agreements. This was deleted as "unnecessary" in 2002. *See* Advisory Committee Notes to the 1974 and 2002 amendments. With respect to Rule 11(c)(1)(C) pleas, Rule 11(c)(3) now expressly states that the court may "accept the agreement, *reject it*, or defer a decision until the court has reviewed the presentence report." This plainly contemplates that a judge may — after the exercise of individualized consideration — reject a plea agreement without waiting for a presentence report. *In re Morgan*, 506 F.3d 705, 710–11 (9th Cir. 2007).

The undersigned intends to give each Rule 11(c)(1)(C) proposal individualized consideration, even those presented on the eve of trial. If, however, time is too short to go through the Rule 32 process, then counsel will be well-advised to submit, along with the Rule 11(c)(1)(C) proposal, sufficient information allowing an informed exercise of discretion, which would be the following: (i) reliable information of the type and scope usually found in a presentence report, but prepared by counsel rather than probation, (ii) a written waiver of the right to a presentence report and the usual presentence process and of the notice required by Rule 32(h) in the expedited manner described herein, and (iii) a written consent for sentencing to occur at the

time the guilty plea is entered or as soon thereafter as the undersigned can evaluate the materials and hear argument and allocution.

This constitutes notice that any plea agreement under Rule 11(c)(1)(C) entered after **NOVEMBER 18, 2015**, will be deemed too late, in all likelihood, to be accepted for any defendant who is set for trial on February 9, 2016.

**IT IS SO ORDERED.**

Dated: October 14, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE